UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEWBANK,<br><br>       Plaintiff,<br><br> – against –<br><br>FIG TREE MARKET LLC, EAST WINDSOR FARM, INC., and DAVID OH,<br><br>       Defendants. | **ORDER**<br><br>19-CV-1855 |



**Parties:**

For NewBank:

**Appearances:**

Edward J. LoBello
Meyer, Suozzi, English, and Klein, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
(516) 741-6565

Daniel Rinaldi
Meyer, Suozzi, English, and Klein, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
(516) 741-6565

For Fig Tree Market LLC:

East Windsor Farm:

David Oh:



1

**JACK B. WEINSTEIN, Senior District Judge:**

### Table of Contents
I. Introduction............................................................................................2
II. Facts....................................................................................................2
III. Legal Standard.....................................................................................3
IV. Discussion...........................................................................................4
V. Conclusion...........................................................................................6

### I. Introduction

NewBank ("Plaintiff") commenced the above-captioned case in April 2019 alleging claims arising from a breach of contract against defendants Fig Tree Market, LLC ("Fig Tree"), East Windsor Farm, Inc. ("East Windsor"), and David Oh ("Mr. Oh"). Complaint ("Compl.") ¶ 1, ECF No. 1. All defendants were served with both the complaint and summons; none have answered or otherwise appeared. The defaults of Fig Tree and NewBank were certified by the Clerk of the Court in May 2019 and July 2019, respectively. ECF Nos. 10, 22. This court entered a default judgment against Fig Tree in June 2019. ECF No. 13. Pending before the court is Plaintiff's motion for a default judgment against East Windsor ("Defendant"). For the reasons discussed below, Plaintiff's motion is granted.

### II. Facts

NewBank is a lender with its principal place of business in Flushing, New York. Compl. ¶ 2, ECF No. 2. Fig Tree is a limited liability company with its principal place of business in Plainfield, New Jersey. Compl. ¶ 4. On August 11, 2017, Fig Tree executed and delivered to NewBank a note under which it borrowed $1,000,000 from NewBank ("the Note"). *Id.* ¶12, Ex.1. That same day, Defendant, a corporation headquartered in East Windsor, New Jersey, executed an unconditional and unlimited guarantee with NewBank to serve as guarantor of the Note (the "Guarantee"). *Id.* ¶ 8, 17.

The Note required that beginning on September 11, 2017, Fig Tree repay, in monthly installments, the full amount plus interest and all attendant fees. *Id.*, Ex.1. Both agreements were signed by Mr. Oh, the sole member and owner of Fig Tree and president of East Windsor. *Id.* ¶ 5, Ex. 2.

While NewBank performed its obligations as set forth under the Note, *id.* ¶14, Ex. 2, Fig Tree, by making late payments and then ceasing payment altogether, failed to do the same. Mot. Def. J., ECF No. 23, Ex. 4. By a letter dated February 28, 2019, NewBank informed East Windsor of Fig Tree's default and demanded that East Windsor make payment on the outstanding balance of the Note, $911,313.45, plus interest and all late fees, by March 11, 2019. Mot. Def. J., ECF No. 23, Ex. 3. The deadline passed and no payment was made. *Id.* ¶ 12. Plaintiff filed the instant motion on August 21, 2019.

### III. Legal Standard

Fed. R. Civ. Pro. 55 outlines a two-step process for a plaintiff seeking a default judgment arising from a breach of contract claim. *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). First, the moving party must request the entry of default against the defendant. Fed. R. Civ. Pro. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.*

After the defendant's default is certified by the Clerk of the Court, "a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). Default judgments are generally disfavored because the Second Circuit Court of Appeals has a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir.1993). When a complaint is unanswered, as is the case here, "[I]t remains the

3

plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Said v. SBS Elecs., Inc.*, No. CV 08-3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010).

### IV. Discussion

To establish defendant's liability on a default judgment arising from a breach of contract claim, three factors must be considered by the district court: (1) whether defendant's default was willful; (2) whether ignoring the default would prejudice the opposing party; and (3) whether defendant has presented a meritorious defense. *See Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010). Having addressed each factor, the court concludes that plaintiff is entitled to a default judgment.

#### A. Willfulness

The first factor a court shall consider to determine the defendant's liability on a default judgment arising from a breach of contract is the willfulness of the default. "An unexplained failure to answer a complaint is typically sufficient to demonstrate willfulness." *Reliance Commc'ns LLC v. Retail Store Ventures, Inc.*, No. CV 12-2067, 2013 WL 4039378, at *3 (E.D.N.Y. Aug. 7, 2013); *see also American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir.1996) (defendant's conduct was not willful where office clerk misfiled litigation paperwork); *Enron*, 10 F.3d at 97 (defendant's conduct was not willful where he had previously responded to all notices and claimed he did not receive the last notice).

Here, service of process was properly effectuated on Defendant and its failure to respond is unexplained. On June 6, 2019, Defendant was properly served by Plaintiff with the complaint and summons when a process server hand-delivered the pleadings to a person of suitable age and discretion at 1220 South Avenue, Plainfield, New Jersey, East Windsor's place of business. ECF

4

No. 15. Since East Defendant's failure to answer is unexplained, NewBank has sufficiently demonstrated willfulness of Defendant's default.

### B. Prejudice

Next, a court shall consider whether the moving party would be prejudiced by denial of the default motion. *See Bridge Oil*, 2008 WL 5560868, at *2. Should a default judgment be denied, plaintiff will have no path to recover damages from East Windsor. *See Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02 Civ. 9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (finding that denial of a default judgment motion would be prejudicial to plaintiff since "there are no additional steps to secure relief in this Court"). Thus, denying this motion would be prejudicial to Plaintiff. *See Bridge Oil*, 2008 WL 5560868, at *2.

### C. Meritorious Defense

The third factor is whether the defaulting defendant has made a meritorious defense to the plaintiff's allegations. An unopposed complaint weighs in favor of granting a default judgment against the defendant, but the moving party must demonstrate that the uncontested allegations are legally valid claims. *See Said*, 2010 WL 1265186, at *3 ("With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action."). Therefore, examined is the validity of NewBank's breach of contract claim against Defendant.

"To establish a claim for breach of contract under New York law, a plaintiff must demonstrate: '(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.'" *Zorbas v. U.S. Tr. Co., N.A.*

48 F. Supp. 3d 464, 474 (E.D.N.Y. Sept. 29, 2014) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)).

Plaintiff has sufficiently established a breach of contract claim. As already discussed, Defendant executed an unconditional and unlimited guarantee with Plaintiff, under which it agreed to pay Plaintiff all amounts owed by Fig Tree under the Note. Compl., Ex. 1-2. The existence of the contract and performance of Plaintiff's obligations under the contract are supported by exhibits. *Id.* ¶ 14, Ex. 1-1, 1-2, 1-3. Defendant failed to make monthly payments as required under the contract, and the damages owed by Defendant are $911,313.45 plus attorney's fees. *Id.* ¶ 14, 18, 20. Taken together, these facts demonstrate Plaintiff has sufficiently alleged the elements of a breach contract claim against Defendant, and is entitled to default judgment on the merits.

## V. Conclusion

Based on the foregoing reasons, a default judgment is granted against Defendant East Windsor Farm, Inc. in the amount of $911,313.45, together with $6,423.92 in attorneys' fees and $50,783.88 in pre-judgment interest, for a total judgment amount of $962,097.33.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: October 23, 2019
Brooklyn, New York